1   **WO**

2

3

4

5

6               **IN THE UNITED STATES DISTRICT COURT**

7                  **FOR THE DISTRICT OF ARIZONA**

8

9   United States of America,              )   CR 04-1210-PCT-DGC
                                           )
10              Plaintiff,                  )   **ORDER**
                                           )
11  vs.                                    )
                                           )
12  Stanley Yazzie,                        )
                                           )
13              Defendant.                 )
    _____    )

14

15          Defendant has filed a motion to dismiss based on the nearly four-month delay in

16  transporting him from Arizona to the Federal Medical Center in Springfield, Missouri for

17  purposes of a competency evaluation ordered by the Court.  Doc. #43.  In his reply brief,

18  Defendant also asserts that his nearly five months of incarceration at the Missouri facility

19  exceeds the time allowed under 18 U.S.C. § 4241(d)(1) and violates this Court's order of

20  June 15, 2005.  Defendant argues that these delays have violated his right to due process of

21  law and warrant dismissal of the charges against him.

22          The Supreme Court has held that, "[a]t the least, due process requires that the nature

23  and duration of commitment bear some reasonable relation to the purpose for which the

24  individual is committed."  *Jackson v. Indiana*, 406 U.S. 715, 738 (1972).  The purpose of

25  Defendant's commitment was to evaluate his mental competency to stand trial and to restore

26  that competency if necessary and possible.  The Ninth Circuit has held that "[h]olding

27  incapacitated criminal defendants in jail for weeks or months violates their due process rights

28  because the nature and duration of their incarceration bear no reasonable relation to the

1  evaluative and restorative purposes for which courts commit those individuals." *Oregon*

2  *Advocacy Center v. Mink*, 322 F.2d 1101, 1122 (9th Cir. 2003).

3       Ninth Circuit law identifies two sources of authority for dismissing criminal charges

4  on the basis of Government misconduct.  The first arises from the Due Process Clause of the

5  Fifth Amendment and is warranted when the Government engages in outrageous conduct.

6  "'The defense of outrageous government conduct is limited to extreme cases[.]'"  *United*

7  *States v. Fernandez*, 388 F.3d 1099, 1238 (9th Cir. 2004) (citing *United States v. Gurolla*,

8  333 F.3d 944, 950 (9th Cir. 2003)).  The Government's misconduct must be "so grossly

9  shocking and outrageous as to violate the universal sense of justice."  *United States v.*

10  *Kearns*, 5 F.3d 1251, 1253 (9th Cir. 1993); *see Fernandez*, 388 F.3d at 1238.  Examples

11  include cases where the Government has engineered and directed a criminal enterprise from

12  start to finish or the police have used brutal physical and psychological coercion against a

13  defendant. *Id.*  In addition to shocking and outrageous Government misbehavior, a defendant

14  must show that the misconduct prejudiced his defense. *See United States v. Rogers*, 751 F.2d

15  1074, 1077 (9th Cir. 1985).

16       The second source of authority is the Court's supervisory powers.  "A court may

17  exercise its supervisory powers to dismiss an indictment in response to outrageous

18  government conduct that falls short of a due process violation." *United States v. Ross*, 372

19  F.3d 1097, 1109 (9th Cir. 2004); *see Fernandez*, 388 F.3d at 1239.  Dismissal on this basis

20  requires "flagrant misbehavior" and "substantial prejudice" to the defendant. *Kearns*, 5 F.3d

21  at 1254; *see Ross*, 372 F.3d at 1010; *Fernandez*, 388 F.3d at 1239; Fed. R. Crim. P. 52(a);

22  *Bank of Novia Scotia v. United States*, 487 U.S. 250, 255-56 (1988) ("[A] district court

23  exceeds its powers in dismissing an indictment for prosecutorial misconduct not prejudicial

24  to the defendant.").  Negligence or incompetence by the Government do not suffice. *See*

25  *Fernandez*, 388 F.3d at 1239 (negligence); *Kearns*, 5 F.3d at 1254 (incompetence).

26       The current record does not permit the Court to determine whether Defendant's

27  incarceration bears any reasonable relationship to his evaluation and treatment, nor does it

28  enable the Court to evaluate whether the Government's conduct in delaying his transportation

and treatment satisfies the standard of outrageous and flagrant conduct required for dismissal of the charges against him.  An evidentiary hearing is necessary.  The Government shall present evidence at the hearing concerning the length and reasons for the delay in transportation, and the length and reasons for the treatment of the Defendant at the Missouri facility.  If testimony is required from Missouri officials, they may appear by telephone.  The hearing shall be held on **May 25, 2006**, beginning at **9:00 a.m.**, and shall last no more than two hours.  Counsel for the Government shall notify defense counsel of the evidence to be presented at the hearing.  Counsel shall also be prepared to advise the Court of Defendant's whereabouts and the results of the evaluations undertaken at the Missouri facility.  The Court will rule on Defendant's motion after the hearing.

**IT IS ORDERED** setting an evidentiary hearing for **May 25, 2006 at 9:00 a.m.**

DATED this 25th day of April, 2006.

David G. Campbell
United States District Judge

- 3 -